## WHEELOCK v. GODFREY et al.

### No. 15,236; December 28, 1893.

#### 35 Pac. 315.

**Judgment—Payment.—Where Judgment is Rendered** against a savings bank for a deposit with accrued dividends, the creditor having leave to apply for any relief needed to fix the amount and enforce payment, and later a decree is entered fixing the amount due to date at a certain sum, for which judgment is rendered against the bank, the first judgment is interlocutory, and payment of the second discharges both.[1]

**Interpleader—Payment of Judgment.—Where a Defendant has Disclaimed** interest except as stakeholder, and prayed interpleader, and judgment is given against it in accordance with his own prayer, with costs against the defeated claimant, it may safely pay the judgment, in spite of irregularities in the interpleader suit which are uncomplained of by said claimant.

APPEAL from Superior Court, City and County of San Francisco; Walter H. Levy, Judge.

Action by Almon Wheelock, executor of Albert G. Wheelock, deceased, against Arabella Godfrey and the San Francisco Savings Union, for certain money deposited in defendant bank by deceased. From a judgment for defendant Godfrey against the bank, the bank appeals. Affirmed.

H. C. Campbell and Clunie & Clunie for appellant; Wm. Barber for respondents.

SEARLS, C.—Almon Wheelock, executor of the last will of Albert G. Wheelock, brought an action to set aside and declare null and void an assignment made by Albert G. Wheelock, deceased, to defendant Arabella Godfrey, upon the ground of the mental incapacity of said Wheelock to execute the same, and fraud on the part of said Godfrey in procuring the execution of such assignment, and also to recover from both the defendants the sum of money assigned. Albert G. Wheelock, plaintiff's testator, according to the complaint, had on deposit

---

[1] Cited in the note in 92 Am. St. Rep. 780, on merger of judgment in judgment.

with the San Francisco Savings Union, an incorporated bank of savings, one of the defendants and the appellant herein, the sum of $7,045.89, for which he had a bank-book. On the first day of October, 1888, said Wheelock assigned his said demand and bank-book to the other defendant, Arabella D. Godfrey, the respondent herein, who thereupon procured the amount aforesaid to be transferred by the bank to her credit, and in evidence thereof the issue of a bank-book showing such credit to her. The bank defendant answered the complaint, and also filed a cross-complaint, in both of which it admitted the deposit by Wheelock of the $7,045.89, the issue of a bank or deposit book to him, wherein he was credited therefor, and avers the due assignment thereof to defendant Godfrey, and the issuance to her of a bank or deposit book, and a credit to her of the amount thereof on its books, etc. And in its further answer or cross-complaint it avers that the plaintiff and defendant Godfrey each claim said sum of money; that one of them is entitled thereto, with the dividends thereon, and that it has no means of knowing or ascertaining which of them is entitled thereto; except by the determination of the court in the premises; that it is willing to pay the same when the ownership is determined, and has no interest in the question except to hold the money according to the terms of the deposit, and to pay it to the party entitled thereto. Defendant prays that plaintiff and defendant Godfrey be required to interplead, and that the court, by its judgment, determine which of them is the owner and entitled to said money deposit and dividends thereon. No answer was filed to this so-called "cross-complaint" by either plaintiff or defendant Godfrey. The cause was tried by the court, written findings filed, and judgment entered as follows: (1) In favor of both of the defendants, as against the plaintiff; (2) that, as between the defendants, the sum of $7,045.89, which by the answer of the bank defendant is admitted to be held by it on deposit in the name and to the credit of defendant Godfrey, belongs to her, together with any and all dividends that have accrued thereon; and it was further decreed that she recover the same, and that she be at liberty to apply to the court for any further relief that may be necessary to ascertain the amount due her by the terms of this decree, and to enforce payment thereof. This decree was entered September 18, 1891. On the thirtieth

day of October, 1891, a further decree was entered, as between the defendants, which recited that, in pursuance of the permission granted in the former judgment entered, testimony had been introduced, from which it appears that the amount due to date (October 30, 1891) on the deposit referred to in said judgment is $8,302.16. Judgment is rendered in favor of defendant Godfrey, and against the bank defendant, for said amount.

The bank defendant has taken an appeal from each of said judgments, and in each case the cause comes up on the judgment-roll; this appeal being from the last or final judgment. As they are submitted together, it may be said here the first judgment or decree was, as between the defendants, an interlocutory judgment, which simply established the right to the deposit, but left the amount of the recovery thereon to be adjudicated and crystallized in the final judgment rendered October 30, 1891: Freeman on Judgments, secs. 29–33. We do not doubt that a satisfaction of the last judgment will extinguish the first, and all the rights of defendant Godfrey acquired thereunder. It must be admitted that there are serious defects in the record, some of which are inexplicable, growing out of the filing of an amended complaint pending the trial. These do not, however, affect this appellant, which occupies the position of a stakeholder as between the other parties. No judgment was rendered against it either on the original or amended complaint, but, on the contrary, it had judgment for costs against the plaintiff. The judgment rendered against it was in consonance with the prayer of its answer and cross-complaint. It stands indifferent, as between the other parties to the action; and the controversy having been settled as between them, and the deposit awarded to defendant Godfrey, it was in order for it to pay the demand, as it expressed a willingness to do. There were, however, good reasons apparent why appellant here should exercise due caution in the premises by not paying the demand until a final adjudication between plaintiff and its codefendant; and it may fairly be presumed this consideration was an important inducement to this appeal.

The judgment appealed from should be affirmed, each party to pay his own costs on appeal.

We concur: Belcher, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment appealed from is affirmed, each party to pay his own costs on appeal.